UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DUANDRE JONES,<br><br>          Plaintiff,<br><br>     v.<br><br>LIL UZI VERT,<br><br>          Defendant. | CASE NO. 2:23-cv-1286<br><br>ORDER DISMISSING CASE |

Plaintiff Cortez Daundre Jones requested leave to proceed *in forma pauperis* against "Lil Uzi Vert." Dkt. No. 1. Jones alleges "[r]obbery in connection to Lil Uzi Vert [r]ecord [l]abel." *Id.* at 3. U.S. Magistrate Judge Michelle L. Peterson issued a Report and Recommendation ("R&R"), recommending that the Court deny Jones's IFP application because he failed to provide sufficient financial information. Dkt. No. 4 at 1–2. On the same day, Jones filed an objection to Judge Peterson's R&R, purporting to explain his financial situation, listing this matter number along with 56 of his other cases and noting "objection to all cases." Dkt. No. 3.

The Court has reviewed Jones's proposed complaint, his IFP application, and the other files on record, and it finds Jones's filings devoid of any factual or legal details demonstrating the basis for the Court's jurisdiction or the plausibility of Jones's claims for relief.

ORDER DISMISSING CASE - 1

The Court first considers whether Jones has Article III standing to sue. The Court has an ongoing duty to ensure that it has jurisdiction over a plaintiff's claims. *Leem v. Bank of Am. Home Loans,* No. C13-1517RSL, 2014 WL 897378, at *1 (W.D. Wash. Mar. 6, 2014) (citing *Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013); Fed. R. Civ. P. 12(h)(3)); *see also Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (stating "the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim."); *Equity Lifestyle Prop., Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1189 n. 10 (9th Cir. 2008) (stating "[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits."). The Court may raise the issue on its own accord, and "[i]f, at any time the Court determines that it lacks subject matter jurisdiction, the Court must dismiss the action." *Leem,* 2014 WL 897378, at *1. "Article III standing is an essential ingredient of subject matter jurisdiction." *Perry v. Newsom*, 18 F.4th 622, 630 (9th Cir. 2021), *cert. denied sub nom. Hollingsworth v. Perry*, 143 S. Ct. 301, 214 L. Ed. 2d 131 (2022). For Article III standing, Jones must allege that (1) he has suffered a concrete injury in fact; (2) Defendant Lil Uzi Vert caused his alleged injury; and (3) "redressability," that is, Jones's requested relief will redress his alleged injury. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Here, Jones does not meet any factor demonstrating his standing to sue. Jones alleges Lil Uzi Vert "generated more than a trillion dollars in sales also paying for promotion w[ith] stolen money to get started." Dkt. No. 1 at 5. But Jones does not allege Lil Uzi Vert's alleged conduct caused him an injury. *See id*. Nor does Jones allege facts to demonstrate how a trillion dollars would redress any harm that could be construed from his vague allegations. *See id*. In sum, Jones's complaint has failed to state a "case or controversy" to invoke this Court's jurisdiction. *See Perry v. Newsom*, 18 F.4th at 630.

ORDER DISMISSING CASE - 2

Next, when it comes to IFP complaints, the Court must dismiss the action "at any time [if] the court determines that . . . [the complaint] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). "This standard does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Jones's complaint does not meet the *Twombly/Iqbal* pleading standard. Jones used the court's *pro se* complaint template, which instructs would-be plaintiffs to "[w]rite a short and plain statement of the[ir] claim," but Jones only alleges (1) that Lil Uzi Vert is an artist from Pennsylvania, (2) a "robbery" occurred in connection with Lil Uzi Vert's (unnamed) record label, (2) that Lil Uzi Vert purportedly generated "more than a trillion dollars in sales," and (4) Lil Uzi Vert paid for "promotion" with "stolen money to get started." Dkt. No. 1.

The heart of Jones's allegation appears to be that Lil Uzi Vert used stolen money to pay for promotions, but Jones offers no further details regarding Lil Uzi Vert's conduct (e.g., whether *he* stole the money), fails to allege any facts showing that Lil Uzi Vert injured Jones, nor any facts demonstrating a plausible claim that he suffered a trillion dollars in damages. *See Tripati v. First Nat'l Bank & Tr., 821 F.2d* 1368, 1370 (9th Cir. 1987) ("An in forma pauperis complaint is

ORDER DISMISSING CASE - 3

frivolous if 'it had no arguable substance in law or fact.'") (internal citation omitted). Therefore, Jones's complaint does not contain any factual basis demonstrating a plausible claim to relief.

Ordinarily, when a court dismisses a *pro se* plaintiff's complaint for failure to state a claim, it must grant leave to amend even when no request to amend is made. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). But leave to amend may be denied when bad faith or futility are found. *Id.; see also Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). At last count, Jones has filed over 60 lawsuits in the District since August 2, 2023, which means he has filed more than one lawsuit a day for weeks. So many cases filed in such a short amount of time supports a finding that Jones is advancing claims without merit and that leave to amend would be futile.

Accordingly, the Court DENIES Jones's request to proceed IFP and DISMISSES his complaint without prejudice or leave to amend.

Dated this 4th day of October, 2023.

Jamal N. Whitehead
United States District Judge